UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE MALDONADO,

    Plaintiff

v.

CARDINAL FINANCIAL COMPANY,

    Defendant.

_____/

## COMPLAINT

Plaintiff JOSE MALDONADO ("Plaintiff") by and through undersigned counsel, brings this action against the Defendant, CARDINAL FINANCIAL COMPANY (hereinafter referred to as either "CARDINAL" or the "Defendant"), and in support thereof alleges as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA and Section 1024.41 of Regulation X.

4. All conditions precedent to the filing of this action have been satisfied.

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7. Venue in this District is proper because Plaintiff resides in Osceola County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8. At all times material hereto, the Defendant was and is a limited Partnership company, duly licensed to transact business in the State of Florida.

9. At all times material hereto, Plaintiff owns and continues to own the subject property, which is in Osceola County, Florida with an address of 1621 Charity Street, Intercession, FL 33848.

10. At some point in time prior to the violations alleged herein, the Defendant was hired to service the subject loan.

11. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property, which is also the Plaintiff's primary residence.

12. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number ****** 9005.

## BACKGROUND AND GENERAL ALLEGATIONS

13. On or about April 13, 2020, the Plaintiff entered into a promissory note agreement with Cardinal. (the "Note") for what they intended to be their primary residence.

14. The Note was secured by a mortgage on the subject property located at 1621 Charity Street, Intercession, FL 33848., (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "subject loan").

15. On or about August 31, 2022, the Plaintiff retained Loan Lawyers, LLC to help him save his house.

16. Amidst Plaintiff's representation, they determined the best chances of saving their home would be through a loss mitigation program.

17. Plaintiff's counsel submitted a loss mitigation package ("LMP") directly to the Defendant via USPS on January 19, 2023.

18. The LMP included items such as the Plaintiff's Request for Mortgage Assistance Form ("RMA"), the Plaintiff's hardship letter, the Plaintiff's Paystubs, signed tax returns, and the LMP also included multiple itemized bank statements.

19. Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B), the Defendant was required to provide a written notice within five (5) business days of receipt of the LMP acknowledging receipt of same and whether the Defendant determined said application to be complete or incomplete. If the Defendant deemed the LMP incomplete, the Defendant was required to state in the written notice the additional documents and information that must be submitted to make the LMP complete and a date within which to submit said documents and information.

20.     Thereafter, pursuant to 12 C.F.R. § 1024.41(c), the Defendant was required to provide a written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, the Defendant will offer the Plaintiffs.

21.     A "*complete loss mitigation application*" is defined as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigations options available to the borrower." 12 C.F.R. § 1024.41(b)(1).

22.     The Defendant was required to provide a written notice stating which loss mitigation options, if any, the Defendant would offer Plaintiff by February 24, 2023, or thirty (30) days after the application was considered "complete."

23.     On or about January 25, 2023, Defendant sent a letter confirming that the loss mitigation package was complete. Therefore, Defendant was required to provide a response at to what, if any, loss mitigation options were available to him. See Exhibit "A" attached hereto.

24.     On or about February 27, 2023, after the time to respond to the LMP had expired, counsel for Plaintiff sent correspondence to the servicer advising that they still have yet to provide a response to the LMP and giving them an opportunity to cure (the "cure notice") in advance of litigation. See Exhibit "B" attached hereto.

25.     The cure notice, which the Defendant received on or about March 2, 2023, informed them in pertinent part that Cardinal is in violation of RESPA for failing to provide a response to the Plaintiff's LMP.

26.     The Plaintiff continues to await the determination from the Defendant as is required by law, whether or not he qualifies for loss mitigation options, and if so which one(s), where the

Defendant has been in receipt of their complete loss mitigation application well in excess of the time required to respond.

27. To date, the Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(c), in that the Defendant did not provide a written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, the Defendant will offer Plaintiff.

### **COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)**

28. Plaintiff repeats, re-alleges and incorporates by reference herein paragraphs 1 through 27.

29. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

30. Sections 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, fn. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

31. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

32. The Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(c)(1) in that did not provide a written notice within thirty (30) days of receipt of a complete loss mitigation application stating which loss mitigation options, if any, will offer Plaintiff.

33. As such, the Defendant, Cardinal, has violated 12 U.S.C. § 2605(k)(1)(C) and 12 U.S.C. § 2605(k)(1)(E).

34. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

35. The Plaintiff has been injured in fact, and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiff and other consumers like them. The threshold of the Defendant's violations stem from their repeated failures respond to the loss mitigation application submitted regarding the Plaintiff's loan. The Plaintiff's injuries result in part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, the Defendant violated the Plaintiff's procedural rights under RESPA by not providing a response to the Plaintiff's complete loss mitigation application. See *MAHALA A. CHURCH, Plaintiff - Appellant, v. ACCRETIVE HEALTH, INC., Defendant - Appellee.*, No. 15-15708, 2016 WL 3611543, at *1–3 (11th Cir. July 6, 2016)(quoting *Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540 (2016)).

36. The Plaintiff is entitled to actual damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not

limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's notice and opportunity to cure; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to Defendant's failure to adequately respond to Plaintiff's loss mitigation application, which includes the cure notice. See *Rodriguez v. Seterus, Inc.*, No. 15-61253-Civ-COOKE/TORRES (S.D. Fla. 2015) (the Court finding that actual damages includes photocopying and postage costs due to servicer's noncompliance with RESPA); *Saint-Fleur v. JPMorgan Chase Bank, N.A.*, No. 15-cv-61110-WPD (S.D. Fla. 2015); *Almquist v. Nationstar Mortg., LLC*, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla. 2014)(same); *Burdick v. Bank of Am., N.A.*, No. 14-62137-CIV, 2015 WL 1780982 (S.D. Fla. 2015)(same); *McLean v. GMAC Mortg. Corp.*, 595 F.Supp.2d 1360, 1366 (S.D. Fla 2009)(same); *Porciello v. Bank of America, N.A.*, 2015 WL 899942 (M.D. Fla. 2015)(same).

37.    The Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing their property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to timely respond to the LMP, while simultaneously seeking to foreclose upon that loan. See *Bryan v. Fed. Nat'l Mortg. Ass'n*, 2014 WL 2988097 (M.D. Fla. 2014) (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

38.    Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, JOSE MALDONADO, respectfully requests this Court to enter an order granting judgment for the following:

(a) That the Defendant, CARDINAL FINANCIAL COMPANY, be required to provide a written notice and determination in compliance with 12 C.F.R. § 1024.41(c)(1);

(b) For actual damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, JOSE MALDONADO, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esq.
Florida Bar No.: 175821
E-mail: Matthew@fight13.com
Secondary E-mail: Kendrick@fight13.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
3201 Griffin Road, Suite 100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 581-2786